# JOSEFINA VEVE ET AL.

*v.*

# THE FAJARDO DEVELOPMENT COMPANY.

San Juan, Law, No. 817.

1. The executive council of Porto Rico, acting in its legislative capacity as provided in the act of Congress approved April 1, 1900, has no right to grant any franchise which would impair the validity of a contract entered into between the applicant for the franchise and a person outside the franchise.
2. Although the word "penalty" is used by the parties to a contract, if the intention of the parties is clearly deducible from the contract, read as a whole, to have the sum specified in lieu and in liquidation of damages which may result to one of them by reason of the breach of a stipulated condition by the acting party, in contemplation of law the word is to have the force and meaning which would be expressed by the words "liquidated damages," and is not to be considered in a penal sense.

Opinion filed March 29, 1912.

*Mr. Frank Antonsanti* for plaintiff.

*Mr. Ethan W. Judd* for defendant.

Note.—On the question of the power of the legislature in respect to municipal franchises, see note in 48 L.R.A. 485.

Veve v. Fajardo Development Co.

CHARLTON, Judge, delivered the following opinion:

On September 9, 1909, the executive council of Porto Rico granted a franchise to the defendant company to construct a line of road across the property situated in the district of Fajardo, known as the "Estate Aurora," and fixed the time for the completion of said line at one year from the time of the granting of the franchise. In November, 1909, the Fajardo Sugar Growers Association took, by assignment, a lease of the Estate Aurora, which lease provided for a permanent easement for a right of way over said estate, the easement being assigned to the Fajardo Development Company, the defendant here. The Fajardo Development Company, made surveys preparatory to constructing a railway over said estate, and this line, as surveyed, was run parallel to an existing line of rails, called, for purposes of distinction, the Esperanza line. Thereupon the plaintiffs here procured an injunction against the construction of the new line, on the ground that two lines would constitute an obstruction, and were not necessary. Thereafter the defendant here procured from the executive council of Porto Rico a declaration of public utility; the executive council, in granting such declaration imposed, as a condition, the requirement that the old Esperanza line should be removed upon the completion of the new line proposed, and further required the defendant to give a bond in cash in the sum of ten thousand dollars ($10,000), to insure the removal of the track.

Various litigations, involving several sides of the one general controversy, were started in various courts in Porto Rico.

Upon January 6, 1910, the plaintiffs and the defendant company entered into an agreement of settlement, in writing, under

the provisions of which the different controversies at that time pending between them were dismissed and otherwise settled, the bond released, and, under the provisions of clauses 7 and 8 of said contract or agreement, it was provided that the defendant company would remove the old Esperanza track within six months after the date fixed for completion of the new line, and would put the right of way on which the Esperanza track had been situated, into tillable condition, and bound itself, under clause 8 of said contract, to perform said conditions under a bond in the sum of five thousand dollars ($5,000).

The line as proposed by the defendant company passed not only over the Estate Aurora, belonging to the plaintiffs, but also over a point of land in different ownership, which interjected itself into the Estate Aurora. The defendant claims to have had an oral agreement for a right of way across the interjecting point, in December, 1909, with Jose Vaamonde, then the owner of said strip; but when the new line, in its construction, reached said strip, the defendant was prevented from entering upon it by Miguel Zalduondo, the succession in title to Vaamonde. The defendant negotiated for a purchase of a right of way across said strip with Zalduondo, until August 5, 1910, when it filed its petition for a declaration of public utility, a necessary prerequisite to bringing proceedings for expropriation under the laws of Porto Rico. As soon as the declaration of public utility was granted, the defendant brought expropriation proceedings in the district court for the district of Humacao.

Upon September 7, 1910, and two days before the expiration of the time fixed for the completion of the new line, defendant obtained an amended franchise, and under the provisions of § 1 thereof, time for the completion of the line was extended by

Veve v. Fajardo Development Co.

the executive council. In December, 1910, the defendant took up 711 meters of the old Esperanza track, but did not place the right of way for said strip into tillable condition; it continued to use 251.60 meters in skirting the Zalduondo property, connecting at either end with the new line as surveyed, exclusively upon the Estate Aurora, and it turned over 776.05 meters to the lessee of the Estate Aurora, for use by said lessee in hauling cane to the main line of the defendant company.

Under the provisions of the original franchise as granted September 9, 1909, the time for the completion of the new line would have expired on September 9, 1910, and the six months provided for in clauses 7 and 8 of the contract between the parties hereto dated January 6, 1910, expired on March 9, 1911. Thereupon the plaintiffs made demand upon the defendant for the payment of the bond in the sum of five thousand dollars ($5,000) provided for in clause 8 of the contract, and the defendant declined to pay, and claimed that the extension of time provided for in the amended franchise of September 7, 1910, was to be read into the contract between itself and the plaintiffs; and the plaintiffs brought this proceeding to enforce the payment of the five thousand dollars ($5,000) claimed by them.

As will be seen upon examination of the facts just stated, two questions of law are presented for determination:

(1) Did the executive council of Porto Rico, acting in its legislative capacity as provided in the act of Congress approved April 1, 1900, have a right to grant any franchise which would impair the validity of a contract entered into between the applicant for the franchise and a person outside the franchise; and —

(2) Whether the amount stipulated in the contract is to be

regarded as a penalty, or as liquidated damages, for the breach of the contract by the defendant in its failure to remove the track.

The organic act of Porto Rico contains no bill of rights, and, while it has been held by the Supreme Court of the United States, both directly and by necessary inference, that the Constitution of the United States, in its entirety, has not been extended to Porto Rico, it would be both contrary to every spirit of natural justice, and obnoxious to the spirit of an enlightened jurisprudence, to hold that a body of limited powers could, by the exercise of one of those powers, perform an act which it was not specifically authorized to perform; especially as the construction contended for by the defendant would involve persons (the plaintiffs here) who were in no way concerned either in the franchise as originally granted, or as amended, who had entered into the contract with defendants in contemplation of the provisions of the original franchise, but were in no way concerned with the provisions of the amended franchise, nor do they appear to have been notified of the application therefor in any other manner than all persons resident in Porto Rico were notified. I am, therefore, of opinion that the first contention on behalf of the defendant cannot be maintained, and that the extension of time granted to defendant for the completion of its line, by the amended franchise of September 7, 1910, in no way affects the obligation imposed upon the defendant under clauses 7 and 8 of the contract in force between the parties hereto, and that in default of a compliance with the provisions of clause 8 of said contract on or before March 9, 1911, the liability of the defendant for the payment of what is denominated

Veve v. Fajardo Development Co.

in the contract a "bond," and a "penalty," became fixed, and was determined.

The second contention of the defendants presents even less difficulty from a legal standpoint. Various contentions are made in the ingenious and able brief of counsel for the defendant, over citations from the Civil Code of Porto Rico, and otherwise. It is unnecessary to give them serious consideration, as the legal effect of phraseology such as was used by the parties in the contract for the breach of which this action is brought has been determined by the Supreme Court of the United States in the cases of Sun Printing & Pub. Asso. v. Moore, 183 U. S. 642, 46 L. ed. 366, 22 Sup. Ct. Rep. 240; and United States v. Bethlehem Steel Co. 205 U. S. 105, 51 L. ed. 731, 27 Sup. Ct. Rep. 450, in which it was determined that, even though the word "penalty" is used by the parties to a contract, if the intention of the parties is clearly deducible from the contract read as a whole, to have the sum specified in lieu and in liquidation of damages which may result to one of them, as to the plaintiff here, by reason of the breach of a stipulated condition by the acting party, as the defendant here, in contemplation of law the word is held to have the force and meaning which would be expressed by the words "liquidated damages," and is not to be considered in its penal sense, as contended by the defendant. And that the determination as to whether or not, as matter of law, under the conditions above set forth, the provision constitutes a penalty in its strict and legal sense, or is to be considered as a stipulation by way of liquidated damages, rests in the discretion of the court.

From a consideration of the whole case I am of opinion that the defendant must fail in its second contention, and that the

phraseology used was intended to express the judgment of the parties to the contract as to what injury would be inflicted upon the plaintiffs by the failure of the defendant to remove the Esperanza track and to place the land covered by it in tillable condition on or before March 9, 1911.

I have given no consideration to the contention of the defendant that the circumstance of its inability to cross the strip of land belonging to Zalduondo excuses its delay in removing the Esperanza track, for two reasons: First, because, while it was admitted in open court that the conveyance by Vaamonde to Zalduondo was inscribed in the registry of the district of Humacao in December, 1909, and in April or May of 1910, the defendant discovered the change in ownership, not by an examination of the registry, but by the prohibition of Zalduondo as its owner, although such change of ownership, would have been apparent if the defendant had used diligence in examining the registry; second, because the testimony of witnesses on behalf of the defendant showed that, although negotiations for the purchase of a right of way were begun with Zalduondo in April or May, 1910, they were allowed to drag until August 5, 1910, and there was no showing of any urgent, or even ordinary, diligence in prosecuting the declaration of public utility before the executive council, and while the expropriation proceeding was begun in October, 1910, it was pending and undetermined at the time this action was brought, and until a short time before the case was argued.

The plaintiffs will, therefore, have and recover from the defendant the sum of five thousand dollars ($5,000), as provided in the contract here in question, together with interest and costs.

Let an order to that effect be entered.